**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 19, 2005**

**TENTH CIRCUIT**

KENNETH L. YORK,

     Plaintiff-Appellant,

v.

JUANITA A. McCULLEY;
DEPARTMENT OF DEFENSE; U.S.
SECRET SERVICE; CENTRAL
INTELLIGENCE AGENCY;
FEDERAL BUREAU OF
INVESTIGATION; DEPARTMENT
OF JUSTICE,

     Defendants-Appellees.

No. 05-1455
(District of Colorado)
(D.C. No. 05-CV-1324-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

---

     After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

     [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Kenneth L. York appeals the district court's dismissal of the civil rights action he brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed the action because York failed to file a second amended complaint as ordered by the court. York also seeks to proceed *in forma pauperis* on appeal.

York filed an initial complaint on July 15, 2005 and an amended complaint on July 26, 2005. The magistrate judge concluded that York's amended complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it did not set forth a short and plain statement of his claims, specify the constitutional right or rights that allegedly have been violated, or clearly state the relief sought. York was ordered to file a second amended complaint and specifically warned that the failure to do so within thirty days would result in the dismissal of his suit. York did not comply with the order and the district court dismissed the action without prejudice on September 21, 2005.

The Federal Rules of Civil Procedure permit a district court to dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This court reviews such dismissals for abuse of discretion. *See Mobley v. McCormick*,

40 F.3d 337, 340 & n.1 (10th Cir. 1994). Upon review of the entire record, we conclude that the district court did not abuse its discretion when it dismissed York's action. Although York filed several letters, documents, and motions after he was ordered to amend his complaint, none of those filings contain a short and plain statement of his claims and, thus, they do not comply with the pleading requirements of Rule 8 or the district court's order. Further, York received adequate notice from the district court that his action would be dismissed if he failed to cure the deficiencies in his complaint.

Accordingly, we **affirm** the district court's dismissal of York's suit. York's motion to proceed *in forma pauperis* on appeal is granted.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge